THE DIRECT UNITED STATES CABLE COMPANY (LIMITED), APPELLANT, v. THE DOMINION TELEGRAPH COMPANY OF CANADA, GEORGE G. SAMPSON AND THOMAS T. BUCKLEY, RESPONDENTS.

*Injunction—when proceedings in this State before arbitrators, appointed under a submission entered into under a foreign statute between two foreign corporations, will not be restrained.*

Where two foreign corporations, created under statutes of Great Britain, have entered into an agreement, which provides that certain matters shall be submitted to arbitrators, to be appointed and to act in New York, and that all questions as to the regularity or validity of the proceedings shall be determined by the English Court of Queen's Bench, the Supreme Court will not restrain either party from proceeding before such arbitrators because the other party alleges that the said arbitrators were not properly and legally appointed.

APPEAL from an order made at Special Term, denying a motion for an injunction restraining the defendants from prosecuting a certain arbitration, or from taking any proceedings or steps therein.

The plaintiff and the defendant the telegraph company, who are incorporated under the laws of Great Britain, entered into a business agreement which provided among other things that, in case of differences, each party should appoint an arbitrator in New York; that the two arbitrators so appointed "and acting in the arbitration shall, within ten days after the appointment of such one of them as shall be last appointed, appoint an umpire, who shall meet the arbitrators in New York, and if either of the parties in difference shall refuse or neglect to appoint an arbitrator for the space of ten days after being requested so to do by the other party, or shall appoint an arbitrator who shall, refuse or neglect to act as such," then the arbitrator chosen by the party making such request shall appoint an arbitrator in place of the arbitrator refusing or neglecting to act. The award made shall be final and conclusive, and shall be made a

rule of the Queen's Bench. The arbitrators are to have all the powers given to arbitrators by the Common Law Procedure Act of 1854.

This action was brought to restrain the defendants from proceeding before certain persons claiming to act as arbitrators, on the ground that they had not been appointed as required by the agreement.

*Lewis L. Delafield,* for the appellant.

*W. Dorsheimer,* for the respondents.

PER CURIAM:

The contemplated arbitration was between two foreign corporations, under a statute of Great Britain. New York happens to be the place specified in the contract for the submission. But all questions as to the regularity or validity of the proceedings are to be determined by the English Court of Queen's Bench. The parties have contracted for the exclusive action of that court, under what is known as the Common Law Procedure Act of 1854. From this there can be no deviation. Any interference on our part would be subversive of the contract, and an unwarrantable intrusion into matters without our jurisdiction.

Again, there is no ground for an injunction. For, if Mr. Buckley's appointment as arbitrator was unwarranted, the award will be a nullity, and the English court will refuse to execute it. If, on the other hand, the appointment was valid, we certainly should not attempt to stop the arbitrators in the due performance of their functions.

The order was right and should be affirmed, with $10 costs, and the disbursements of the appeal.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with $10 costs, and disbursements.